*182 ORDER (re; Garnishment of Wages)
JOAN GREENDEER-LEE, Associate Judge.
INTRODUCTION
This case involves the satisfaction of a civil judgment pursued through a Writ of Execution. On May 19, 1997, the Ho-Chunk Nation Supreme Court held in favor of Defendant JoAnn Jones in the amount of $1,141.20 plus post-judgment interest of 5% per annum. After Plaintiff Jeremy Rockman did not move to honor the judgment, Defendant filed a Writ of Execution. The Court held a hearing in which the financial assets of money, property, and income of the Plaintiff could be determined. Several options were posed to the Court, all of which have been duly noted and considered, including: (1) seizure of a pickup truck owned by Plaintiff, (2) inception of per capita distribution, and (8) garnishment of employment wages.
APPLICABLE LAW
HCN Nation Constitution, Art. I
§ 2. Jurisdiction.
The jurisdiction of the Ho-Chunk Nation shall extend to all territory set forth in Section 1 of this Article and to any and all persons or activities therein, based upon the inherent sovereign 21 authority of the Nation and the People or upon Federal law.
Ho-Chunk Nation Constitution, Art. Vn
§ 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
*183 § 6. Powers of the Trial Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
HCN Rules Of Civil Procedure
Rule 72. Garnishment and Liens.
Garnishment/lien is a proceeding to obtain satisfaction of a Judgement for money out of property or money in the possession or control of a third party. A Judgement may be collected through a writ of execution on the income or other funds being held by someone other than the person owing the debt. The person requesting execution of Judgement shall ask the Court to serve the Writ of Execution and an Order directed to the third party which requires them to turn over the property or money in their possession or control belonging to the person owing the debt. The property or money shall be turned over to the Court and held as under the above rule on execution of judgements.
HCN PERSONNEL AND POLICY PROCEDURES Manual
Chapter 6. Payroll Deductions and Attachments.
Deductions from each employee’s gross pay period earnings are two types: mandatory and voluntary. Mandatory deductions are those required to be made by the Nation by law, court order, or other legally compelling influence on payroll. Such deductions include state and federal income tax withholding, social security tax, tax levy, and wage garnishments.
Mandatory deductions in accordance with applicable legal requirements will be made automatically by the Nation. However, such mandatory deductions as state and/or federal income tax where the Nation must rely on information provided by an employee, will be the sole responsibility of the employee to provide accurate information within legal limitations.
Voluntary deductions will not be made without the employee’s written request or authorization. Wage garnishments are controlled by Resolution 8.20.88-B.
WWBC Resolution 8.20.88-B.

Garnishment of Employees Wages.

That the Wisconsin Winnebago Business Committee directs that any and all employees upon whose wages a notice of garnishment is served, are required to negotiate a payment plan acceptable to the Attorney of the Plaintiff within ten (10) days of the date on which the garnishment notice was served.
That the Wisconsin Winnebago Business Committee directs that in the event an agreement is not reported to the Payroll Department in writing, by the Attorney for the Plaintiff, by the end of the ten (10) day period, the Payroll Department is authorized to begin involuntary payroll deductions from the employee’s future earned wages in the amount of at least ten (10) dollars per week but not to exceed twenty five (25) dollars per week.
FINDINGS OF FACT
1. The Plaintiff Dr. Jeremy Rockman is a Ho-Chunk member.
2. The Defendant JoAnn Jones is a Ho-Chunk member.
3. On November 8, 1996, the Ho-Chunk Nation Trial Court dismissed Plaintiff Jeremy Rockman’s action and ordered him to pay costs and fees in the amount of $570.60 to Defendant Jones.
*184 4. The Ho-Chunk Nation Supreme Court affirmed that decision on March 24, 1997 and further ordered
5. Plaintiff to pay an additional $570.60 for Defendant’s costs and fees associated with Plaintiffs appeal.
5. The Ho-Chunk Nation Trial Court entered a Judgment on May 19, 1997 against Plaintiff Jeremy Rockman in the amount of $1,141.20 plus post-judgment interest at a rate of 5% per annum.
6. Plaintiff never moved to satisfy the Judgment against him.
7. The Defendant filed a Motion for Writ of Execution on July 17, 1997 requesting the Court to hold a 15 hearing in order to determine Plaintiffs financial assets.
8. The Court held a hearing pursuant to the Defendant’s Writ of Execution on August 4, 1997 to establish Plaintiffs financial situation and to consider alternative methods of enforcing the Judgment.
9. At the beginning of the August 4, 1997 hearing the Plaintiff was offered to settle the costs and fees 19 rather than proceed with the Writ of Execution. The Plaintiff declined to pay.
DECISION
This Order acknowledges the proceeding of August 4, 1997 in which a Writ of Execution took place between 3:00 and 4:00 p.m. The Defendant requested the Court to seize and impound the Plaintiffs vehicle described as a 1986 Chevy Silvera-do pickup truck worth an estimated value of $3,000. The Court initiated an investigation into the procedural protocol to Rule 72 and the feasibility and costs of a replev-in action if with the assistance of the local county court system.
The Court has deemed that a wage assignment pursuant to HCN Personnel Policy and Procedures Manual Chapter 6 represents a more appropriate resolution under the circumstances.[1] The Court orders that the Ho-Chunk Nation Department of Treasury withhold a total of $1,141.20 from Plaintiff Jeremy Rockman’s employment wages in order to satisfy a valid Judgment against him in the Ho-Chunk Nation Tribal Court. This shall be accomplished by the Ho-Chunk Nation Department of Treasury withholding $200 from Plaintiffs employment wages per one-week pay period over a five-week span and $141.20 from his sixth week wages for a total of $1,141.20 plus 5% interest per annum to be calculated daily. Upon completion, this payment shall wholly satisfy his legal obligation to the Defendant in this matter. All six payments shall be payable and sent to: JoAnn Jones, 513 Second .Street, Baraboo, WI, 53913.
*185 Upon satisfaction of all costs and fees, the Defendant shall notify the Court and party.
CONCLUSION
All parties have the right to appeal a final judgement or order of the .Trial Court. If either party is dissatisfied with the decision rendered by this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court and must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the Ho-Chunk Nation Rules of Appellate Procedure.

. The Trial Court has decided to look beyond the apparent limitations of Resolution 8.20.88-B as applied in this matter for a number of reasons. First and foremost, the Court notes that as the Resolution was instituted prior to the establishment of the HCN Court System, there was no available mechanism to effectuate such garnishments. Now, however, the Trial Court is expressly and impliedly vested with the authority to execute judgments in accordance with Rule 72 of the HCN R. of Civ. P. which was duly authorized under Ankle VII of the HCN Constitution. Thus, as Resolution 8.20,88-B is fundamentally inconsistent with the powers authorized under the present HCN Constitution, the Trial Court holds that the Savings Clause of Article XIV does not apply and refuses to apply the resolution in this instance. Moreover, from a policy standpoint, a prevailing party in a lawsuit should not have to receive proceeds of his or her judgment over an inordinate period of time. A judgment for $1,141.20 would takeover 45 weeks to payback in full if monthly payments remained capped at $25 per week. This problem could be exacerbated in future cases in which the interest to be added at a rate of 5% per year could extend the satisfaction of the judgment well beyond its original amount.